UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

STEPHANIE WILSON,

        Plaintiff,

   v.

BREHM PREPARATORY SCHOOL,

        Defendant.

Case No. 24-cv-2576-JPG

## MEMORANDUM AND ORDER

This matter comes before the Court on the motion of defendant Brehm Preparatory School ("Brehm") to vacate entry of default (Doc. 21). Plaintiff Stephanie Wilson has not responded to the motion within 14 days as required by SDIL-LR 7.1(b)(2)(A).

Wilson filed this case in December 2024 alleging that Brehm, her former employer, discriminated against her because of her disability by terminating her employment (Count I) and by harassing her (Count III), failed to make reasonable accommodations for her disability (Count II), and retaliated against her (Count IV), all in violation of the Americans With Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*; and retaliated against her for exercising her rights under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq.* (Count V) (Doc. 1).

Wilson served the Summons and Complaint on Brehm on January 21, 2025 (Doc. 8). Brehm had not answered or otherwise responded by May 6, 2025, so the Clerk entered default against it (Doc. 10). Then on May 21, 2025, Wilson moved for default judgment (Doc. 16) and the Court set a hearing on that motion (Doc. 18). Brehm now asks the Court to vacate the Clerk's entry of default and allow it to file an answer and otherwise defend against Wilson's lawsuit (Doc. 21).

Rule 55(c) provides that a court may set aside entry of default for good cause. The court should do so if the defendant shows (1) good cause for its default; (2) quick action to correct it; and (3) a meritorious defense to the complaint. *Arwa Chiropractic, P.C. v. Med-Care Diabetic & Med.*

*Supplies, Inc.*, 961 F.3d 942, 949 (7th Cir. 2020); *O'Brien v. R.J. O'Brien & Assocs.*, 998 F.2d 1394, 1401 (7th Cir. 1993).  The Court further acknowledges the policy of preferring a trial on the merits over disposition by default.  *Sun v. Bd. of Trs. of Univ. of Ill.*, 473 F.3d 799, 811 (7th Cir. 2007).

Brehm states that its failure to timely respond to the Complaint was not willful but instead was a result of having been served in the midst of "significant corporate transition."  It asserts the served process was inadvertently misplaced and not passed on to the school's leadership during a tumultuous period where employees were being laid off at all levels.  Brehm alleges it first became aware of the litigation on Thursday, August 14, 2025, contacted counsel that same day, and filed the motion to vacate the following Monday, August 18, 2025.

It further states the reason for its adverse action against Wilson was that she was not doing her job as Director of Admissions; specifically, she was not communicating with school districts' student placement officials about sending students to Brehm, which resulted in fewer student placements and lower revenues for Brehm.  Brehm further asserts it provided Wilson with reasonable accommodations for her disability (work breaks, AirPods, and fidgets), approved leave she requested under the FMLA, and did not retaliate against her.  Instead, it took adverse action because it discovered her performance deficiencies while she was on FMLA leave.  Finally, Brehm takes the position that vacating the entry of default will not substantially prejudice Wilson since this case is still fairly young.

The Court finds good cause to vacate the Clerk's entry of default.  It is clear that Brehm's failure to timely file the answer was inadvertent, not the type of willful refusal to follow court rules that justifies refusing to vacate entry of default.  *See Davis v. Hutchins*, 321 F.3d 641, 646 (7th Cir. 2003).  Further, once Brehm discovered this litigation and that default had been entered, it moved to vacate the default within 2 business days.  In this particular situation, this qualifies as quick action.

*See Jones v. Phipps*, 39 F.3d 158, 165 (7th Cir. 1994).

Finally, it has a meritorious defense. A meritorious defense is not necessarily a winning defense, but is instead "one which at least raises a serious question regarding the propriety of a default judgment and which is supported by a developed legal and factual basis." *Id.* It must be more than a general denial or a bare legal conclusion that a defense exists. *See Pretzel & Stouffer v. Imperial Adjusters*, 28 F.3d 42, 46 (7th Cir. 1994). Brehm's description of its defenses to Wilson's claims satisfy this standard.

The Court further finds that Wilson will not be unduly prejudiced by the continuation of this action on the merits. However, to expedite the proceedings, as a condition of vacating the entry of default, the Court will direct Brehm to file an answer, not a motion to dismiss, in response to Wilson's Complaint.

For these reasons, and in the absence of any objection from Wilson, the Court:

- **GRANTS** Brehm's motion to vacate entry of default (Doc. 21);
- **VACATES** the Clerk's entry of default against Brehm (Doc. 10);
- **DENIES** Wilson's motion for default judgment (Doc. 16);
- **VACATES** the September 25, 2025, hearing on the motion for default judgment;
- **DENIES as moot** Wilson's motion to allow remote appearance (Doc. 19); and
- **ORDERS** that Brehm shall have 30 days from entry of this order to answer the Complaint.

**IT IS SO ORDERED.**
**DATED:  September 8, 2025**

                                              s/ J. Phil Gilbert
                                              **J. PHIL GILBERT**
                                              **DISTRICT JUDGE**